IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-013-406 |
| | § | |
| ERIC COLINE | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention in this case. A hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the defendant pending trial in this case.

Findings of Fact

[ ]    A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)   The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

    [ ] (2)   The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

    [ ] (4)   Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]    B.    Findings of Fact [18 U.S.C. § 3142(e)]

   [X] (1)    There is probable cause to believe that the defendant has committed an offense

      [X]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
            (X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

      [ ]   under 18 U.S.C. § 924(c).

   [X] (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]    C.    Findings of Fact [18 U.S.C. § 3142(f)(2)]

   [X] (1)  Defendant is accused of conspiracy as well as aiding and abetting possession with intent to distribute and conspiracy to possess with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841, and 846, and money laundering in violation of 18 U.S.C. § 1956.

   [X] (2)  There is a serious risk that the defendant will flee.

   [X] (3)  Defendant represents a danger to the community.

   [ ] (4)  There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]    D.    Findings of Fact [18 U.S.C. § 3142(c)]

   [ ] (1)  As a condition of release of the defendant, bond was set as follows:

   [ ] (2)

   [X] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

   [X] (4)    I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

   I find that the evidence at the hearing and the information submitted in the Pretrial Services Agency report establishes by a preponderance of the evidence that no condition or combination of

conditions will reasonably assure the appearance of the defendant as required, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.  Defendant is a 46 year old naturalized United States citizen born in Mexico. His step-father lives in Mexico and his mother is deceased. He maintains contact with his two sisters, who live in Houston, Texas, and his brother, who lives in San Antonio, Texas. He is married and has 2 children. He has a passport, and traveled to Mexico as recently as one month ago.

2.  Defendant is accused of aiding and abetting possession with intent to distribute and conspiracy to possess with intent to distribute 1 kilogram or more of heroin in violation of 21 U.S.C. §§ 841 and 846. Defendant faces a potential penalty of up ten years to life in prison. Defendant is also accused of a money laundering offense having a potential penalty of up to 20 years in prison.

3.  Defendant has a pending state charge of manufacturing or delivering a controlled substance. The current offense was apparently committed while Defendant was on bond from that state charge. Specifically, wiretap evidence indicates that in August 2012 Defendant played a significant role in coordinating a major drug deal in Chicago involving nearly 5 Kilos of heroin.

4.  The fact that this criminal activity occurred while Defendant was on supervised release by a state court strongly suggests that Defendants would not be compliant with conditions of release set by this Court.

5.  Although Defendant's wife testified at the hearing that Defendant's presence at the home was necessary to help her manage the family business, it is undisputed that Defendant has not resided in the home for the last 3 years, and that he has been living at a friend's house in a rented room.

6.  Defendant has not rebutted the statutory presumption that he is a flight risk and a danger to the community.

7.  There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney

General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on July 19, 2013.

Stephen Wm Smith
United States Magistrate Judge